Matthew B. George (State Bar No. 239322)
Scott M. Grzenczyk (State Bar No. 279309)
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:     (415) 981-4800
Facsimile:      (415) 981-4846
Email:  mbg@girardgibbs.com
Email:  smg@girardgibbs.com

Counsel for the Consumer Plaintiffs

David Woodward (State Bar No. 68073) (N.D. Cal. admission to be filed)
HEINS MILLS & OLSON, P.L.C
310 Clifton Avenue
Minneapolis, MN  55403
Telephone:     (612) 338-4605
Facsimile:      (612) 338-4692
Email: dwoodward@heinsmills.com

Lead Counsel for the Consumer Plaintiffs

Joseph P. Guglielmo (admitted *pro hac vice*)
Ryan P. Wagenleitner (State Bar No. 262408)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, New York 10174
Telephone:     (212) 223-6444
Facsimile:      (212) 223-6334
Email:  jguglielmo@scott-scott.com
Email:  rwagenleitner@scott-scott.com

Counsel for the Financial Institution Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re TARGET CORPORATION CUSTOMER DATA SECURITY BREACH LITIGATION | CASE NO: 3:14-MC-80302<br><br>**PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER** |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................... 1

II.     PROCEDURAL AND FACTUAL BACKGROUND ........................................... 1

      A.    Target MDL Proceedings in the District of Minnesota ........................... 1

      B.    Discovery of Target and Third Parties Has Been Proceeding Swiftly.................................... 2

      C.    Plaintiffs' Subpoena to Symantec ........................................................... 3

      D.    Symantec Objects to Plaintiffs' Subpoena and Moves to Quash It ......................... 3

III.    ARGUMENT ........................................................................................................ 5

      A.    Transfer of This Motion to The District of Minnesota is Appropriate ................... 5

      B.    Plaintiffs' Limited Discovery of Symantec Is Relevant and Necessary ................. 6

      C.    Plaintiffs' Discovery of Symantec Is Timely and Not Duplicative ........................ 7

      D.    Symantec's Motion Should Be Denied as Premature ............................................. 8

      E.    Symantec is Not Entitled to Sanctions or the Attorneys' Fees It Incurred in Moving to Quash ........................................................................ 10

      F.    Plaintiffs Should Not be Required to Pay Attorneys' Fees and Costs Symantec Incurs in Complying With the Subpoena ................................. 11

IV.    CONCLUSION .................................................................................................... 13

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

# TABLE OF AUTHORITIES

**Cases**

*Agincourt Gaming, LLC v. Zynga, Inc.*
    2014 WL 4079555 (D. Nev. Aug. 15, 2014) ................................................................5

*Am. Broad. Cos. v. Aereo, Inc*.
    2013 WL 1508894 (N.D. Cal. Apr. 10, 2013) .........................................................6, 7

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*
    300 F.R.D. 406 (C.D. Cal. 2014) ..........................................................................10

*Apple, Inc. v. Samsung Elecs. Co. Ltd.*
    2013 WL 1942163 (N.D. Cal. May 9, 2013) ..........................................................11

*Chevron Corp. v. Donziger*
    2013 WL 1087236 (S.D.N.Y. Mar. 15, 2013) .........................................................12

*Chevron Corp. v. Donziger*
    2013 WL 1402727 (N.D. Cal. Apr. 5, 2013) ..........................................................10

*Conner v. Aviation Servs. of Chevron U.S.A.*
    2014 WL 5768727 (N.D. Cal. Nov. 5, 2014) ............................................................9

*EON Corp. IP Holdings, LLC v. T-Mobile, USA, Inc*.
    2012 WL 1980361 (N.D. Cal. June 1, 2012) ............................................................9

*Genetech, Inc. v. Insmed Inc.*
    442 F. Supp. 2d 838 (N.D. Cal. 2006) ....................................................................8

*In re Subpoena to Kia Motors Am., Inc.*
    2014 WL 2118897 (C.D. Cal. Mar. 6, 2014) ...........................................................5

*In re Subpoena to Prod. Documents of Clapp*
    2014 WL 3784112 (N.D. Cal. July 31, 2014) .........................................................10

*Judicial Watch, Inc. v. Valle Del Sol, Inc.*
    2014 WL 4954368 (D.D.C. Oct. 3, 2014) ................................................................5

*Knoll, Inc. v. Moderno, Inc*.
    2012 WL 4466543 (N.D. Cal. Sept. 26, 2012) ........................................................8

*Legal Voice v. Stormans Inc*.
    738 F.3d 1178 (9th Cir. 2013) ................................................................10, 11, 12

ii

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

*Makaeff v. Trump Univ., LLC*
   2013 WL 990918 (S.D. Cal. Mar. 12, 2013) ...................................................................9

*Mattel Inc. v. Walking Mountain Prods*.
   353 F.3d 792 (9th Cir. 2003) .........................................................................................11

*Miller v. Ghirardelli Chocolate Co.*
   2013 WL 6774072 (N.D. Cal. Dec. 20, 2013) ................................................................9

*Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*
   2014 WL 3378011 (N.D. Cal. July 10, 2014)..................................................................5

*Mount Hope Church v. Bash Back!*
   705 F.3d 418 (9th Cir. 2012) .........................................................................................10

*New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc*.
   2000 WL 62315 (E.D. Pa. Jan. 13, 2000) .......................................................................8

*Optimize Tech. Solutions, LLC v. Staples, Inc.*
   2014 WL 1477651 (N.D. Cal. Apr. 14, 2014) ...............................................................10

*United States v. McGraw-Hill Cos., Inc.*
   2014 WL 3810328 (C.D. Cal. Aug. 1, 2014)..................................................................12

*W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*
   2014 WL 1257762 (D. Colo. Mar. 27, 2014) ...........................................................11, 12

*Wultz v. Bank of China, Ltd*
   2014 WL 2257296 (D.D.C. May 30, 2014) ....................................................................5

**Rules**

Fed. R. Civ. P. 45 ...................................................................................................... passim

Fed. R. Civ. P. 26 ..........................................................................................................6, 7

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

## I.      INTRODUCTION

Symantec provided Target with the cybersecurity software and services implicated in Target's 2013 data breach that exposed account information for tens of millions of customers to criminals around the world.  Plaintiffs seeking to represent classes of affected consumers and financial institutions in multi-district litigation against Target subpoenaed Symantec and Target's other cybersecurity vendors to obtain documents they need to prove their claims that Target negligently employed substandard security protocols resulting in a breach of its customers' sensitive personal and financial data.  While other third parties have cooperated, Symantec moved the Court to quash the subpoena after just one meet and confer and without any notice to Plaintiffs because it demands that Plaintiffs pay its attorneys' fees and it refuses to negotiate further until Plaintiffs do so.  Symantec's demands are contrary to prevailing law and should be rejected.  Plaintiffs continue to be willing to work with Symantec to obtain the discovery they need.  To promote judicial economy in this complex case, Plaintiffs respectfully request that the Court exercise its discretion to transfer this dispute to the magistrate judge assigned to this case in the District of Minnesota.  Alternatively, Plaintiffs request that the Court deny Symantec's motion to quash and order the parties to continue to work cooperatively to resolve the subpoena.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

### A.  Target MDL Proceedings in the District of Minnesota

The *In re Target Corp. Customer Data Security Litigation*, No. 14-02522-PAM ("Target MDL"), currently pending before Judge Paul A. Magnuson in the District of Minnesota ("MDL Court"), arises from one of the largest consumer data breaches in history.   The Target MDL consolidated over 80 proposed class actions filed by customers impacted by the data breach ("Consumer Plaintiffs") and over 25 proposed class actions initiated by financial institutions ("Financial Institution Plaintiffs").  *See* Joint Declaration of Joseph Guglielmo and Matthew George ("Joint Decl."), ¶ 2.  Plaintiffs in both actions generally allege, among other claims, that Target was negligent in securing valuable customer data including debit and credit card account numbers, and as a result is liable for damages and subject to injunctive relief.  *Id.*, ¶ 3, Exs. A & B.  Target's motions to dismiss both complaints are currently pending.  Target also requested that the MDL Court stay discovery in its entirety until its motions to dismiss were resolved.  The MDL Court denied Target's motion without a hearing, finding that

1    "discovery in this complex case should proceed and [the Court] has set an ambitious schedule for that
2    discovery."  Joint Decl., Ex. C.

3         Judge Magnuson and Magistrate Judge Jeffrey J. Keyes, the assigned discovery referee, are
4    actively managing the litigation and have issued a series of scheduling and discovery orders tailored to
5    its unique complexities.  The MDL Court set a deadline of April 1, 2015 for all class certification
6    motions and a fact discovery cut off of July 1, 2015.  Joint Decl., Exs., D & E.  Judge Magnuson ordered
7    the groups of plaintiffs to cooperate on drafting and issuing discovery and Magistrate Keyes issued a
8    comprehensive Order Regarding Discovery Plan and Deposition Protocol on October 28, 2014.  *Id*., Exs.
9    F & G.  Magistrate Keyes's order specifically governs third-party discovery practice.  *Id*., ¶ 5, Ex. G.
10   Magistrate Keyes has also held several discovery conferences and has instituted special procedures for
11   resolving discovery disputes in the MDL, including telephonic discovery hearings.  *Id*., Exs. D & E.

12        **B.  Discovery of Target and Third Parties Has Been Proceeding Swiftly**

13        Discovery in the Target MDL has been proceeding apace.  Plaintiffs have served document
14   requests on Target and started deposing Target's current and former cybersecurity personnel.  Joint
15   Decl., ¶ 6.  Target began producing documents in September on a rolling basis.  *Id*.  Plaintiffs jointly
16   subpoenaed eight of Target's business partners who provided Target with technical capabilities and
17   consulting services in information technology and data security.  *Id.*, ¶ 7.  Plaintiffs used substantively
18   similar language in each of the subpoenas, requesting documents related to the scope of services
19   performed for Target, analyses of the 2013 data breach, the impact of the company's services on
20   Target's data security practices, and any investigations conducted by or documents produced to
21   governmental entities related to the 2013 data breach.  Plaintiffs requested depositions of some of the
22   third parties, but not Symantec.  *Id.*, ¶ 8.

23        Plaintiffs have met and conferred with counsel for each of the eight subpoenaed parties.  Joint
24   Decl., ¶ 14.  Two nonparties have already produced documents and Plaintiffs expect document
25   productions in the next month or so from four others.  *Id*.  Plaintiffs are continuing to confer with one
26   third party and Target regarding an assertion of privilege over responsive documents.  *Id*.

27

28

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

### C.  Plaintiffs' Subpoena to Symantec

Plaintiffs allege that Symantec provided Target with cybersecurity products and services that were supposed to identify and detect potential intrusions and suspicious activity, including the conduct that led to the theft of credit and debit card information in the 2013 data breach.  Joint Decl., Ex. A at ¶¶ 156, 273; Ex. B at ¶ 53.[1]  A Senate Committee investigation found that Symantec's software detected malicious behavior in Target's networks around November 28, 2013, but that Target failed to take action.  *Id.*, Ex. H at 3.  After Target discovered the breach, it reportedly provided a copy of the malware that caused the breach to Symantec's malware scanning service, ThreatExpert.com.  *Id.*, Ex. I.[2] Symantec then posted research blogs about its analysis and investigation of the malware.  *Id.*[3]  Plaintiffs have subpoenaed Symantec to learn how Symantec's cybersecurity services were involved in the data breach and its detection, the results of Symantec's internal investigations and analyses of the 2013 data breach and Target's security systems, and any information Symantec provided to a government agency or third party regarding the breach.  *Id.*, Ex. J.

### D.  Symantec Objects to Plaintiffs' Subpoena and Moves to Quash It

On September 30, 2014, Symantec served objections to Plaintiffs' subpoena.  Joint Decl., ¶ 9, Ex. K.  On October 7, 2014, Plaintiffs requested a conference with Symantec's counsel, Anthony Weibell of Wilson Sonsini Goodrich & Rosati.  *Id.*, ¶ 9.  Joseph Guglielmo and Ryan Wagenleitner (Financial Institution counsel) and Matthew George and Scott Grzenczyk (Consumer counsel) met and conferred telephonically with Mr. Weibell on October 21, 2014.  *Id.*  Plaintiffs' counsel consented to Mr. Weibell's request to tape record the conference.  *Id.*, ¶ 10.  The parties conferred at length about Symantec's objections that its counsel should be compensated to comply with the subpoena, that it should not have to produce discovery before the MDL Court ruled on Target's motions to dismiss, that some of the requested documents could be obtained from Target, and that the subpoena was overbroad.

---

[1] The subpoena identified the software as "Symantec Endpoint Detection, but Plaintiffs now believe the software is called "Symantec Endpoint Protection."

[2] *See* Liam Tung, *Likely candidate for Target breach malware found*, ZDNET (Jan. 16, 2014, 11:56 AM), http://www.zdnet.com/likely-candidate-for-target-breach-malware-found-7000025247/ (last visited Nov. 11, 2014).  Plaintiffs are citing to publicly available sources because of confidentiality restrictions on discovery obtained from Target.

[3] *See* Brian Krebs, *A First Look at the Target Intrusion, Malware*, Krebs on Security (Jan. 14, 2014), http://krebsonsecurity.com/2014/01/a-first-look-at-the-target-intrusion-malware/ (last visited Nov. 11, 2014).

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

*Id.*  The parties then spent considerable time discussing each document request.  *Id.*  Plaintiffs agreed to consider Symantec's objections and to propose narrowed requests.  *Id.*

While Plaintiffs' counsel endeavored to reach a compromise that would provide Plaintiffs with the discovery they need while alleviating Symantec's concerns about the scope of the subpoena, Mr. Weibell focused on his demands for attorneys' fees.  Joint Decl., ¶ 11.  The basis for these demands was not entirely clear, and Mr. Weibell indicated that he would obtain additional information about the actual costs of compliance with the subpoena.  *Id.*  For example, Mr. Weibell said he had not yet interviewed the potential custodians or ascertained the anticipated size of the production, could not identify what documents if any were not reasonably accessible, and he did not yet know what documents would be responsive to Plaintiffs' requests.  *Id.*  Nonetheless, Mr. Weibell insisted that Plaintiffs commit to pay the $50,000 in attorneys' fees he thought it would cost to comply before he would take any further action on the subpoena.  *Id.*  Plaintiffs disagreed with Symantec's position that it was entitled to reimbursement of its attorneys' fees as a predicate to compliance.  *Id.*  In fact, none of the other entities subpoenaed have insisted that Plaintiffs pay costs and attorneys' fees to obtain discovery.  *Id.*  Symantec is standing on its objections, however, and refuses to produce responsive information unless its attorneys' fees are paid.

During the conference, the parties also disputed whether the Northern District of California was the only appropriate forum for resolution of any dispute relating to the subpoena.  Joint Decl., ¶ 12.  Plaintiffs pointed out the advantages of having any dispute resolved in the District of Minnesota, where the subpoena was issued, and noted this Court's authority to transfer the matter under recently revised Federal Civil Rule 45(f).  *Id.*  In light of the discussions during the meet and confer, Plaintiffs' counsel agreed not to move to compel until the parties concluded their negotiations, and agreed that Symantec's obligation to comply with the subpoena would be stayed while the parties considered the issues.  *Id.*  The parties agreed to revisit their respective positions and speak again.  *Id.*

Symantec then moved to quash on October 30, 2014.  Joint Decl., ¶ 12.  Plaintiffs' counsel requested that Symantec withdraw its motion without prejudice, given the parties' agreement to continue to negotiate.  *Id.*, ¶ 13, Ex. L.  Symantec declined, insisting that Plaintiffs agree to compensate Symantec for Wilson Sonsini's time and defer compliance with the subpoena until Plaintiffs completed discovery

4

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

directed at Target.  *Id.*, Ex. M.  Plaintiffs' counsel requested a copy of Mr. Weibell's tape recording of the call to confirm that the parties had agreed to consider the proposals made and continue negotiations rather than file motions.  *Id.*  Mr. Weibell said he had deleted the recording.  *Id.*, Ex. N.

## III.   ARGUMENT

### A.  Transfer of This Motion to The District of Minnesota is Appropriate

Although this Court is well suited to resolve Symantec's motion, the Court may also transfer the motion to the MDL Court because "exceptional circumstances" are present.  Fed. R. Civ. P. 45(f).  The Target MDL is a large, complex, and actively managed consolidated action with multiple proposed classes of consumers and financial institutions.  Magistrate Keyes is already familiar with the issues presented in the case and his ruling on this dispute will promote judicial economy, one of the main reasons for the addition of Rule 45(f).  *See Wultz v. Bank of China, Ltd*, No. 13-1282(RBW), 2014 WL 2257296, at *7 (D.D.C. May 30, 2014); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.  Transferring the motion will ensure consistency in discovery and reduce the "risk [of] disrupting the District of [Minnesota's] management of the underlying litigation."  *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, No. 14-mc-80099-SC, 2014 WL 3378011, at *3-4 (N.D. Cal. July 10, 2014).

Magistrate Keyes also permits discovery hearings by teleconference, mitigating any inconvenience to Symantec.  *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment (encouraging judges "to permit telecommunications methods to minimalize the burden a transfer imposes on nonparties"); *see also Moon Mountain Farms*, 2014 WL 3378011, at *4.  Resolution of this motion in the District of Minnesota is also appropriate because Symantec is an international technology company with a continuing business relationship with Target, which is located in the District of Minnesota, and because Symantec is familiar with the Court from other litigation.  *See In re Subpoena to Kia Motors Am., Inc.*, No. SACV 14-315 JLS (RNBx), 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014) (finding that transfer would not burden a national automotive company); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *8 (D. Nev. Aug. 15, 2014) (finding that a large corporation represented by sophisticated counsel did not establish any convincing burden that precluded transfer); *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, No. 14-mc-0538-(BAH), 2014 WL

4954368, at *4 (D.D.C. Oct. 3, 2014) ("Given the Petitioner's national reach and familiarity with litigation in courts outside this jurisdiction, the general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes is significantly reduced."); *see also Khoday v. Symantec Corp.*, No. 11-cv-00180-JRT-TNL (D. Minn.) (Symantec is currently defending certified consumer class action).  While Plaintiffs have no objection to this Court's ruling on Symantec's motion, judicial economy weighs in favor of a transfer.[4]

### B.  Plaintiffs' Limited Discovery of Symantec Is Relevant and Necessary

The limited discovery Plaintiffs request from Symantec is relevant and necessary because Symantec's cybersecurity software and systems were a critical component of Target's data security systems and are central to Plaintiffs' ability to prove their claims.  Plaintiffs have requested documents that will allow them to ascertain: (1) the Symantec cybersecurity services that provided (or should have provided) Target with notice of the network intrusion; and (2) the results of Symantec's post-breach investigation and analyses of both the malware that caused the breach and Target's data security systems generally.  *See Am. Broad. Cos. v. Aereo, Inc.*, No. CV-12-80300-RMW, 2013 WL 1508894, at *1 (N.D. Cal. Apr. 10, 2013) ("Litigants may serve a subpoena requiring a non-party to produce documents, electronically stored information, or tangible things pursuant to [Rule] 45 [which] is subject to the relevance requirements set forth in [Rule] 26.") (internal quotations and citations omitted).

Plaintiffs allege that Target negligently relied on substandard and inadequate network and information security protocols and procedures, resulting in one of the largest consumer data breaches in history.  Joint Decl., Exs. A & B.  Plaintiffs need to determine whether Symantec's cybersecurity products and services provided Target with notices of harmful viruses or malware that could have caused the breach and whether Target disregarded Symantec's warnings.  The Consumer Plaintiffs allege that Target's failure to take timely steps to prevent and stop the breach violated consumer protection and data breach notification statutes and led to the exposure of their personal information and unauthorized charges on their accounts.  *Id.*, Ex. B.  Similarly, the Financial Institutions allege that Target's failure to timely act caused the Financial Institutions to incur damages resulting from fraudulent charges along with the costs of reissuance of hundreds of thousands of debit and credit cards.  *Id.*, Ex. A.

---

[4] Plaintiffs intend to notify Magistrate Keyes of this motion.

1    Plaintiffs and their cybersecurity experts intend to challenge Target's data security protocols.  To

2    prove that gaps in Target's protocols permitted malicious malware to infect Target's network

3    environment, they need to understand what services Symantec provided to Target and whether Target

4    used those services properly.  To determine whether Target could have used better security measures to

5    avoid the breach, Plaintiffs need discovery of Symantec's analysis of the malware implicated in the

6    breach.  This information is also relevant to the injunctive relief that Plaintiffs seek, since they need to

7    know whether Target's remediation efforts (and Symantec's services) can prevent similar attacks in the

8    future.  Plaintiffs also anticipate that Target will rely on its work with Symantec in defending against the

9    claims that it was negligent and to prove that it employed (and continues to employ) cybersecurity

10   protocols that protect customer data from criminals.  Plaintiffs are mindful of Rule 26's proportionality

11   mandates and their request for a prioritized production of this limited discovery from Symantec is

12   narrowly tailored to focus on these crucial issues in the case.

13        **C.  Plaintiffs' Discovery of Symantec Is Timely and Not Duplicative**

14        Symantec has not met its burden of showing that the subpoena is untimely or unreasonably

15   duplicative.  *See Aereo, Inc*., 2013 WL 1508894, at *4 (the party moving to quash a subpoena bears the

16   burden of persuasion).  The MDL Court has set an "ambitious" schedule for discovery with a close of

17   fact discovery in July 2015.  Joint Decl., Exs. C, D, & E.  Plaintiffs are compiling the evidence they

18   need for their class certifications motions, which are due on April 1, 2015.  Plaintiffs are in the process

19   of obtaining documents from Target and taking depositions of Target's cybersecurity personnel.  The

20   third-party subpoenas are a critical component of Plaintiffs' discovery plan.  Symantec, in particular, has

21   information that Plaintiffs need to examine Target's witnesses about their knowledge of how

22   Symantec's services worked in Target's security strategy, Target's response to Symantec's warnings of

23   suspicious activity, and Target's post-breach investigation and remediation efforts.  If Plaintiffs have to

24   wait until the motions to dismiss are resolved or all discovery of Target is complete before taking

25   discovery of Symantec, they will lose the ability to question Target personnel about these issues on a

26   complete record.

27        Plaintiffs are mindful of avoiding unnecessary duplication and expense, and most of the

28   information they have requested from Symantec is not exclusively within Target's possession.  Plaintiffs

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

have requested information about product specifications and training for the Symantec cybersecurity software applications that Target used (Nos. 4, 5 & 6), assessments of Target's cybersecurity systems (No. 7), Symantec's investigation and analyses of the 2013 data breach (No. 8), documents provided by Symantec to any government or law enforcement agency in connection with Symantec's investigation of the breach (No. 10), and notices and alerts generated by Symantec's products of cyber intrusions, viruses or malware (No. 12). Joint Decl., Ex. J. Some of the requests seek documents that may also be in Target's possession, but that alone is not a reason to quash the subpoena. *See Knoll, Inc. v. Moderno, Inc.*, No. C 12-80193-MISC SI, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (denying motion to quash in part because movant did not show that the requested discovery, including communications with the defendant, would be duplicative); *Genetech, Inc. v. Insmed Inc.*, 442 F. Supp. 2d 838, 849 (N.D. Cal. 2006) (recognizing that third parties may "have different documents in their possession, custody, or control" than the defendants absent a representation that the defendants asked the third parties for relevant documents); *New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*, No. Civ. A. 98-775, 2000 WL 62315, at *5 (E.D. Pa. Jan. 13, 2000) (overruling objections to duplicative discovery of defendant and third parties because there was no practical way to frame requests without some duplication). Before Symantec filed this motion, Plaintiffs' counsel had expressed their willingness to work with Symantec to narrow the requests and minimize duplication and remain willing to do so.

### D. Symantec's Motion Should Be Denied as Premature

Although Symantec argues that its motion is ripe, the Court should deny Symantec's motion because Symantec filed it before the parties concluded their negotiations. There was no pressing deadline that required Symantec to file the motion when it did. The subpoena's compliance date was four days before the meet and confer, and Plaintiffs had not imposed any alternate compliance deadline. Instead, Plaintiffs were considering ways in which the requests could be narrowed to address Symantec's concerns and expected further discussions with Symantec. Plaintiffs' counsel reiterated their willingness to continue these discussions after Symantec filed its motion.

The courts in this district insist that meet and confer obligations be taken seriously. *See* N.D. Cal. L.R. 37-1(a); Standing Order for Discovery in Civil Cases Before Judge Donato at ¶ 20 ("The Court may also order <u>lead counsel</u> to appear for a meet-and-confer in person at the court.") (emphasis in

8

original); *see also Conner v. Aviation Servs. of Chevron U.S.A.*, No. 14-cv-02102-JD, 2014 WL 5768727, at *6 (N.D. Cal. Nov. 5, 2014) ("The parties should have worked together to narrow the scope of disputes and resolve issues before spending client money on motions and calling on Court resources."); *Miller v. Ghirardelli Chocolate Co.*, No. C 12-4936 LB, 2013 WL 6774072, at *3-4 (N.D. Cal. Dec. 20, 2013) (ordering the parties to further meet and confer even after they had engaged in extensive discussions and the plaintiff had narrowed the subpoena).  Symantec failed to comply with this mandate.  It would be premature to quash the subpoena without requiring the parties to complete their meet and confer.  Although the parties conducted a lengthy teleconference, Symantec's counsel was unable to provide certain information that the parties need to complete their negotiations.  Among other things, Symantec's counsel:

- Could not say how much it would cost to comply with the subpoena, in whole or in part, other than repeatedly insisting on payment of its attorneys' fees;
- Did not know whether any documents were actually subject to the common-interest privilege asserted because no searches had been conducted;
- Was unable to identify which custodians' responsive data might reside in an inaccessible locations;
- Could not provide specific explanations for Symantec's privacy claims;
- Could not (or would not) share specific information about the nature of the services Symantec provided to Target in connection with Target's cybersecurity and the 2013 breach; and
- Did not know whether Symantec had undertaken an independent investigation of the 2013 data breach.

Plaintiffs pressed for this information in an attempt to focus the subpoena and because Symantec asserted generalized objections on issues such as costs, privacy, and privilege to most or all of the requests.  *Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC (WVG), 2013 WL 990918, at *6 (S.D. Cal. Mar. 12, 2013) (generalized objections are improper); Joint Decl., Ex. K.  With this information, Plaintiffs believe the parties can still work cooperatively to narrow or modify the subpoena.  *See EON Corp. IP Holdings, LLC v. T-Mobile, USA, Inc.*, No. 12-CV-080082-LHK (PSG), 2012 WL 1980361, at

1    *3 (N.D. Cal. June 1, 2012) (requiring a third party to comply with the plaintiff's modified subpoena,

2    with the exception of two requests that sought documents that were not relevant).

3         **E.    Symantec is Not Entitled to Sanctions or the Attorneys' Fees It Incurred in Moving
              to Quash**

4

5         The Court should deny Symantec's request for sanctions and attorneys' fees under Ninth Circuit

6    law, particularly given the record here.  District courts have broad discretion over the imposition of

7    sanctions.  *See Mount Hope Church v. Bash Back!,* 705 F.3d 418, 425 (9th Cir. 2012).  The Ninth

8    Circuit has held that sanctions are generally inappropriate under Rule 45 absent extenuating

9    circumstances that Symantec has not demonstrated:

10             [H]aving considered the language, history, and purposes of Rule 45(c)(1),
               and its placement within the context of our civil justice system, which
11             respects advocacy of lawyers, we hold that absent undue burden imposed
               by an oppressive subpoena, a facially defective subpoena, or bad faith on
12             the part of the requesting party, Rule 45(c)(1) sanctions are inappropriate.
               Sanctions for issuing a subpoena are in no way supported merely because
13             a party advocated a position in seeking discovery that lost in the end. The
               scope of permissible sanctions under Rule 45(c)(1) should not be so broad
14             as to chill or deter the vigorous advocacy on which our civil justice system
               depends.
15

16   *Id.* at 429-30.  Plaintiffs' subpoena was not oppressive, facially defective, or issued in bad faith and

17   sanctions are therefore not appropriate.  Even if the Court were to quash the subpoena in its entirety,

18   sanctions are not warranted.  *See id.*; *see also Chevron Corp. v. Donziger*, No. 13-mc-80038-CRB-NC,

19   2013 WL 1402727, at *7 (N.D. Cal. Apr. 5, 2013) (quashing subpoena in its entirety but declining to

20   impose sanctions because the subpoenaing party took steps to respond to objections); *Legal Voice v.*

21   *Stormans Inc.*, 738 F.3d 1178, 1185-86 (9th Cir. 2013) (upholding denial of sanctions when the

22   subpoena was partially enforced).

23        None of the cases Symantec cites arguing the subpoena is burdensome resulted in an award of

24   sanctions or attorneys' fees.  *See Chevron*, 2013 WL 1402727, at *7; *In re Subpoena to Prod.*

25   *Documents of Clapp*, No. 14-80191-RS-JSC, 2014 WL 3784112 (N.D. Cal. July 31, 2014); *Optimize*

26   *Tech. Solutions, LLC v. Staples, Inc.*, No. 14-80095-LHK-HRL, 2014 WL 1477651, at *3 (N.D. Cal.

27   Apr. 14, 2014); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406 (C.D.

28   Cal. 2014).  Symantec cites one case in which the Ninth Circuit upheld an award of attorneys' fees as a

10

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

1   sanction, but in that case the district court found the subpoena was both "overly burdensome **and** issued

2   for an improper purpose." *Mattel Inc. v. Walking Mountain Prods*., 353 F.3d 792, 814 (9th Cir. 2003)

3   (emphasis added).  Symantec has not argued that Plaintiffs issued the subpoena for an improper purpose.

4   Symantec is not entitled to sanctions or its attorneys' fees because Plaintiffs have not imposed an

5   undue burden on Symantec and have taken meaningful and reasonable steps to address Symantec's

6   objections to the subpoena.  *See W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, No. 11-cv-

7   01611-MSK-CBS, 2014 WL 1257762, at *22-25 (D. Colo. Mar. 27, 2014) ("[S]anctions are required

8   only if the attorney or party issuing the subpoena failed to take 'reasonable steps' to protect the nonparty

9   from 'undue burden or expense.'").  First, two plaintiff groups in the Target MDL collaborated and co-

10  issued the subpoena so that Symantec would not have to respond to multiple subpoenas.  Second,

11  Plaintiffs need to obtain limited discovery from Symantec in a timely fashion to prepare for class

12  certification and take depositions of Target personnel.  Third, Plaintiffs remain willing to narrow and

13  modify the subpoena to reduce any actual burden, but Symantec refuses to provide information

14  necessary to do so and instead demands payment of its attorneys' fees prior to cooperating in any regard.

15  *See Legal Voice*, 738 F.3d at 1185 (an overbroad subpoena "sometimes results from normal advocacy,

16  which we have said should not give rise to sanctions").  Fourth, Symantec unnecessarily incurred the

17  additional expense of filing this motion even though Plaintiffs agreed it did not have to comply with the

18  subpoena until the parties engaged in further meet and confer discussions.  As a result Symantec

19  "confuses undue burden with its obligations, once subject to a subpoena, to participate in transparent and

20  collaborative discovery. Third-party status does not confer a right to obfuscation or obstinacy."  *Apple,*

21  *Inc. v. Samsung Elecs. Co. Ltd*., No. 12-CV-0630-LHK (PSG), 2013 WL 1942163, at *3 (N.D. Cal. May

22  9, 2013).  Symantec's request for sanctions should be denied.

### F.  Plaintiffs Should Not be Required to Pay Attorneys' Fees and Costs Symantec Incurs in Complying With the Subpoena

25  Symantec's premature request for payment of the attorneys' fees and costs it anticipates

26  incurring in complying with the subpoena should also be denied.  Courts have refused to shift even

27  incredibly high compliance costs.  In *Chevron Corp. v. Donziger*, for example, a nonparty estimated that

28  the cost to comply with a subpoena was between $1 and $1.3 million.  No. 11 CIV 0691(LAK), 2013

11

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

WL 1087236, at *33 (S.D.N.Y. Mar. 15, 2013).  The court assumed the estimates were accurate, yet refused to shift costs because of the size of the company and because "there is no persuasive evidence that the compliance costs are out of line with what would be typical for nonparty witness in complex commercial litigation."  *Id*.  The court also questioned Chevron's purported need to have high-level attorneys review the documents instead of much cheaper contract attorneys.  *Id*. at *32; *see also W. Convenience Stores*, 2014 WL 1257762, at *28 (refusing to shift $132,000 to $148,000 in costs resulting from multiple subpoenas to a nonparty).

While courts may shift costs under Rule 45(d)(2)(B)(ii) to protect a nonparty from "significant expense resulting from compliance," they must consider the nonparty's financial situation.  *See United States v. McGraw-Hill Cos., Inc*., No. CV-13-0779-DOC (JCGx), 2014 WL 3810328, at *4 (C.D. Cal. Aug. 1, 2014).  In *Legal Voice*, for example, the Ninth Circuit reversed the district court's denial of costs of compliance to a non-profit entity.  738 F.3d at 1185-86.  Symantec is a sophisticated multi-billion dollar corporation.[5]  A company like Symantec that provides cybersecurity services to a nationwide retailer should anticipate that it may be subpoenaed if the retailer is subject to a customer data breach.  Symantec must reasonably expect to incur some expense for complying with reasonable discovery requests as a part of doing business.

Symantec's request should also be denied because it has not explained why the costs it has estimated are necessary.  For example, Symantec also has not identified any responsive information that is only available from an inaccessible source that might warrant additional expense.  Symantec also designs, markets, and sells its own eDiscovery litigation support platform called Clearwell that allows "streamlined search and collection" and "lowers costs," but claims that it will incur $5,000 or more in additional expense for eDisovery services.[6]  Symantec also has not explained why it needs outside counsel to comply with the subpoena.  One court recently expressed skepticism about whether outside counsel "can be counted as 'expenses'" under Rule 45, and cautioned that a subpoena "does not cut a blank check to non-parties – unnecessary or unduly expensive services do not 'result from compliance' and, therefore, do not count as 'expenses.'"  *McGraw-Hill*, 2014 WL 3810328, at *3 (citations omitted).

---

[5] Symantec has recently reported $5.5 billion in gross profit.  Joint Decl., Ex. O at 58.
[6] *See Symantec eDiscovery Platform powered by Clearwell*, http://www.symantec.com/ediscovery-platform (last visited Nov. 12, 2014).

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

1   Plaintiffs should not be required to pay Symantec's self-generated, unsubstantiated and excessive

2   demands for attorneys' fees – particularly any fees associated with this unnecessary motion to quash.

3   Symantec's request should be denied.

4   **IV.   CONCLUSION**

5          Plaintiffs respectfully request that the Court transfer this dispute to the District of Minnesota

6   pursuant to Federal Civil Rule 45(f).  Alternatively, Plaintiffs request that Court deny Symantec's

7   motion to quash and its request for sanctions and attorneys' fees, and order the parties to continue to

8   meet and confer about the scope of the subpoena.

9

10  Dated: November 17, 2014                    Respectfully submitted,

11

12                                              **GIRARD GIBBS LLP**

13                                              */s/ Matthew B. George*

14                                              Matthew B. George
                                                Scott M. Grzenczyk
15                                              601 California Street, 14th Floor
                                                San Francisco, California 94108
16                                              Telephone:     (415) 981-4800
                                                Facsimile:     (415) 981-4846
17                                              Email: mbg@girardgibbs.com
                                                Email: smg@girardgibbs.com
18

19                                              Counsel for the Consumer Plaintiffs

20

21                                              **HEINS MILLS & OLSON, P.L.C**

22                                              */s/ David Woodward*

23

24                                              David Woodward
                                                310 Clifton Avenue
25                                              Minneapolis, MN  55403
                                                Telephone:     (612) 338-4605
26                                              Facsimile:     (612) 338-4692
                                                Email: dwoodward@heinsmills.com
27

28                                              Lead Counsel for the Consumer Plaintiffs
                                                (admission to N.D. Cal. to be filed)

---

13

**SCOTT + SCOTT, ATTORNEYS AT LAW, LLP**

*/s/ Joseph P. Guglielmo*

Joseph P. Guglielmo
Ryan P. Wagenleitner
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, New York 10174
Telephone:      (212) 223-6444
Facsimile:      (212) 223-6334
Email:  jguglielmo@scott-scott.com
Email:  rwagenleitner@scott-scott.com

Counsel for the Financial Institution Plaintiffs

**Notice of Attestation Statement**

I, Matthew B. George, am the ECF User whose ID and Password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed have concurred in this filing.

Dated: November 17, 2014                    Respectfully submitted,

**GIRARD GIBBS LLP**

*/s/ Matthew B. George*
Matthew B. George
Scott M. Grzenczyk
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:      (415) 981-4800
Facsimile:      (415) 981-4846
Email: mbg@girardgibbs.com
Email: smg@girardgibbs.com

Counsel for the Consumer Plaintiffs

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2014, I caused the foregoing document to be filed electronically with the Clerk of Court through CM/ECF and that the filing was served by CM/ECF on all counsel of record.

*/s/ Matthew B. George*
Matthew B. George

PLAINTIFFS' OPPOSITION TO SYMANTEC CORPORATION'S MOTION TO QUASH
SUBPOENA AND MOTION FOR PROTECTIVE ORDER
CASE NO: 3:14-MC-80302