UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Target Corporation Customer Data Security Breach Litigation | Case No. 14-mc-80302-JD<br><br>**ORDER DENYING SYMANTEC CORPORATION'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 1 |

Symantec Corporation has asked the Court to quash (or in the alternative, issue an order protecting it from) a third-party subpoena it received from plaintiffs in *In re: Target Corporation Customer Data Security Breach Litigation*, Case No. 14-md-02522-PAM, a case pending in the district court for the District of Minnesota. The Court denies Symantec's motions.

As a preliminary matter, the Court notes that plaintiffs requested in their opposition brief that the Court transfer this discovery dispute to the District of Minnesota, where the underlying action is pending. Dkt. No. 9 at 5-6. Plaintiffs withdrew this request at the hearing, and the Court declines to make the transfer.

Taking up Symantec's motion to quash and motion for protective order, the Court finds that Symantec has not meaningfully disputed the relevance of the documents sought by the subpoena, and that such an objection would not be sustained in any event. Symantec has instead lodged objections that border on the frivolous and sanctionable.

Symantec's missteps started at the meet and confer stage. The picture of Symantec's conduct during the meet and confer that emerges from the parties' papers is a textbook example of how <u>not</u> to conduct a meet and confer and handle a discovery dispute. Symantec's counsel was unprepared to have a cooperative and meaningful discussion at the meet and confer, having

conducted very little, if any, due diligence on the work that would actually be required for Symantec to respond to the subpoena. Symantec's counsel admitted to the Court that he did not provide any substantive details to the other side during the single meet and confer call. Instead, he took patently unsupportable positions -- demanding that plaintiffs wait to seek any discovery from Symantec until after they had completed discovery from Target, the defendant in the underlying action, and that plaintiffs first sign and hand over a blank check, agreeing to pay for all of Symantec's "fees and costs incurred to comply with the subpoena." Dkt. No. 10-14. Absent agreement to these "gating issues," Symantec's counsel refused even to engage in a discussion about how the requests might be narrowed, something plaintiffs' counsel appeared very willing to do and apparently have done without a problem with all seven of the other third parties that have been subpoenaed thus far. Symantec's counsel's behavior went from bad to worse when he apparently began tape recording the meet and confer session. The Court has difficulty seeing that gesture as anything other than an abusive tactic that has absolutely no place in a meet and confer among counsel.

Symantec then surprised plaintiffs by filing the present motions that are before the Court. The motions, however, were supported by a single declaration from counsel which the Court finds to be woefully inadequate. *See* Dkt. No. 3. Among other problems, it contains no detail whatsoever regarding the volume of documents, number of witnesses, and the locations of documents and witnesses that Symantec would need to search and review or interview in order to respond to the subpoena. Symantec has patently failed to meet its burden of showing "undue burden" under Federal Rule of Civil Procedure 45 or that it is entitled to a protective order under Rule 26.

The Court is informed by plaintiffs that the District of Minnesota court has set an efficient, fast-paced schedule in the underlying action, and the Court will not permit Symantec to throw a wrench into that case with these spurious objections. Symantec's motions are denied, and Symantec is ordered to produce documents responsive to plaintiffs' subpoena within 30 days of

the date of this order.[1]

On the cost-shifting required under Federal Rule of Civil Procedure 45(d)(2)(B)(ii), the Court finds that in that aspect as well, Symantec's current submissions are wholly lacking. Symantec is ordered to prepare cost estimates based on facts, and not attorney speculation, showing the likelihood of "significant expense" from compliance under Rule 45(d)(2)(B)(ii). Costs for counsel preparing and arguing the present motions -- or for any other attorney time that cannot be said to have "result[ed] from compliance" -- may not be included. *See*, *e.g.*, *U.S. v. McGraw-Hill Cos., Inc.*, No. CV 13-0779-DOC (JCGx), 2014 WL 3810328, at *3-4 (C.D. Cal. Aug. 1, 2014). Symantec should also consider whether the expenses for compliance will be significant to it. *See id*.

After Symantec has prepared and shared the cost estimates, the parties must meet and confer to negotiate a cost agreement if significant expense resulting from compliance is likely. In the event of a dispute, the parties may return to the Court and the Court will resolve the dispute. Plaintiffs are advised that they will be required to reimburse Symantec for those costs as to which Symantec has a reasonable argument that the costs constituted a "significant expense resulting from compliance."

These motions were the product of unreasonable conduct by counsel that did not meet the standards of professionalism, cooperation and courtesy required by this Court. While the Court is not imposing sanctions at this time, it expects not to see behavior like this in the future.

**IT IS SO ORDERED**.

Dated: December 19, 2014

_____
JAMES DONATO
United States District Judge

---

[1] After reviewing the categories of documents requested by the subpoena, the Court finds that only three of them are even arguably overbroad (Request Nos. 5, 6 and 13), and the Court directs the parties to work together to narrow them. In those discussions, and as a general matter, the Court expects that Symantec and plaintiffs will proceed with the utmost good faith and cooperation to get this discovery done in the timeline required to keep the Minnesota action on track. Unreasonable conduct will be sanctioned.